**Royal E. GLAUDE, Plaintiff–Appellant,**

v.

**POSTMASTER GENERAL, Defendant–Appellee.**

No. 15-15241

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 13, 2016 *

Filed September 19, 2016

Royal E. Glaude, Newark, CA, for Plaintiff–Appellant

Robin Michael Wall, Assistant U.S. Attorney, DOJ–USAO, San Francisco, CA, for Defendant–Appellee

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM ***

Royal E. Glaude appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his appeal from the Merit Systems Protection Board ("MSPB"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995), and we affirm.

The district court properly concluded that it lacked subject matter jurisdiction over Glaude's appeal from the MSPB's final order because the MSPB dismissed Glaude's claims for lack of jurisdiction, and any appeal of such an order must be made to the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b) (with limited exception, MSPB decisions are appealable only to the Federal Circuit); *Sloan v. West*, 140 F.3d 1255, 1262 (9th Cir. 1998) ("[A]ppeals of MSPB jurisdictional decisions involving mixed claims

are properly venued in the Federal Circuit Court of Appeals.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and documents raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

